**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| MICHAEL KIRKPATRICK, | ) | |
| | ) | Case Nos. 1:96-cr-81; 1:20-cv-169; |
| *Petitioner*, | ) | 1:20-cv-333 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
| *Respondent*. | ) | |

---

**MEMORANDUM OPINION**

---

Before the Court is Petitioner's expedited motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 169 in Case No. 1:96-cr-81; Doc. 7 in Case No. 1:20-cv-169; Doc. 1 in Case No. 1:20-cv-333). The Government has responded in support of Petitioner's motion (Doc. 3 in Case No. 1:20-cv-333), and for the following reasons, Petitioner's motion will be **GRANTED**.

**I. BACKGROUND**

In 1997, Petitioner was convicted of the following offenses: (1) possession of a destructive device, in violation of 26 U.S.C. § 5861(c) and 5871 ; (2) possession of an unregistered destructive device, in violation of 26 U.S.C. §§ 5861(d) and 5871; (3) possession of a destructive device without a serial number, in violation of 26 U.S.C. §§ 5861(i) and 5871; (4) damage and destroy by means of an explosive (arson), in violation of 18 U.S.C. § 844(i); (5) use or carry of a destructive device, in violation of 18 U.S.C. § 924(c); (6) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and (7) felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). (*See* Doc. 1, at 1–2, in Case No. 1:20-cv-333; Doc. 3, at 2, in

Case No. 1:20-cv-333.) Petitioner was sentenced to 430 months' imprisonment, and his sentence was comprised of concurrent 70-month terms on each count of conviction except for the § 924(c) conviction, and a mandatory consecutive 360-month term on the § 924(c) conviction. (*See* Doc. 1, at 1–2, in Case No. 1:20-cv-333; Doc. 3, at 2, in Case No. 1:20-cv-333.) To date, Petitioner has served more than 290 months in custody. (*See* Doc. 3-1 in Case No. 1:20-cv-333.)

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). If the court finds that the sentence imposed was not authorized by law, it must vacate and set aside the judgment and discharge the prisoner, resentence him, grant him a new trial, or correct the sentence. 28 U.S.C. § 2255(b).

## III. ANALYSIS

Petitioner argues that his conviction under 18 U.S.C. § 924(c)(1)(A) for using and carrying a firearm in relation to a crime of violence must be vacated because his arson conviction no longer qualifies as a "crime of violence" for the purposes of § 924(c). (Doc. 169 in Case No. 1:96-cr-81; Doc. 7 in Case No. 1:20-cv-169; Doc. 1 in Case No. 1:20-cv-333.)

Section 924(c)(1)(A) imposes mandatory-minimum penalties on any person who "uses or carries a firearm" during and in relation to a "crime of violence" or "drug trafficking crime" or

"possesses a firearm" in furtherance of such a crime. *See* 18 U.S.C. § 924(c)(1)(A). For the purposes of § 924(c), a "crime of violence" is a felony offense that either

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of this definition is referred to as the "elements" clause, and subsection (B) is more commonly known as the "residual" clause. *See Davis*, 139 S. Ct. at 2323. In *Davis*, the Supreme Court of the United States held that the residual clause is unconstitutionally vague. *Id.* at 2336. Accordingly, any "crime of violence" supporting a conviction under § 924(c)(1)(A) must qualify as such under the elements clause.

In authorizing Petitioner's second § 2255 motion, the Sixth Circuit referenced its own precedent that "arson under § 844(i) does not qualify as a crime of violence in light of *Davis*." (Doc. 6, at 3–4, in Case No. 1:20-cv-169 (citing *In re Franklin*, 950 F.3d 909, 910–11 (6th Cir. 2020)).) Following *Franklin*, it is clear that the arson offense underlying Petitioner's § 924(c) conviction no longer qualifies as a crime of violence. Therefore, the Court will **GRANT** Petitioner's expedited motion and **VACATE** and **SET ASIDE** his § 924(c) conviction.

The only remaining issue is for the Court to determine the appropriate remedy in granting Petitioner's second § 2255 petition. As previously stated, once a court vacates and sets aside a judgment, it shall either (1) discharge the prisoner, (2) resentence him, (3) grant him a new trial, or (4) correct the sentence, "as may appear appropriate." 21 U.S.C. § 2255(b). "Section 2255 gives district judges wide berth in choosing the proper scope of post-2255 proceedings." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (citations and internal quotation marks omitted). Thus, while a district court "has the authority to resentence a defendant who has secured reversal

of a § 924(c) conviction under § 2255," it may correct an improper sentence without holding a resentencing hearing, when appropriate. *Id.* at 634; *see also United States v. Nichols*, 897 F.3d 729, 738 (6th Cir. 2018) (holding that "a court imposing a corrected sentence [has] discretion to impose a corrected sentenced based on a brief order, a hearing that resembles a *de novo* sentencing proceeding, or anything in between," as long as the corrected sentence is substantively and procedurally reasonable).

In this case, the Court finds that correcting Petitioner's sentence without a resentencing hearing is appropriate. The Government acknowledges that, even if the Court considers the addition of two guidelines enhancements from which Petitioner was exempted, Petitioner has already served well in excess of the guidelines range on his remaining counts of conviction. (*See* Doc. 3, at 5, in Case No. 1:20-cv-333.) Because Petitioner has already served so long in excess of any sentence the Court might impose under the guidelines, the Court will correct his overall sentencing without holding a resentencing hearing on the other counts. The Court will **ORDER** that Petitioner's sentence be **CORRECTED** to a term of time served.

## IV. CONCLUSION

For the reasons stated herein:

1. Petitioner's expedited motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 169 in Case No. 1:96-cr-81; Doc. 7 in Case No. 1:20-cv-169; Doc. 1 in Case No. 1:20-cv-333) is **GRANTED**;

2. Petitioner's conviction and sentence on Count Five of the Superseding Indictment for using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) is **VACATED**;

3. Petitioner's overall sentence is **CORRECTED** and **REDUCED** to a term of **time served**;

4. The judgment dated April 29, 1997 (Doc. 90 in Case No. 1:96-cr-81) will be **AMENDED** to reflect this reduced sentence; and

5. The Clerk is **DIRECTED** to **CLOSE** case numbers 1:20-cv-169 and 1:20-cv-333.

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**